Alright, Mr. Vogelbaum, you have one minute reserved for rebuttal, and you can begin whenever you're ready. Mr. Vogelbaum Thank you, Your Honor. Good morning. May it please the Court. My name is Martin Vogelbaum. I represent Mr. Brandon Smith, the appellant, in this matter. As the Court knows, we've raised issues regarding two conditions of supervised release that were imposed in this case. I would like to flip the order of the brief and start with the second, which is the opiate- Mr. Smith Just a little bit, or- Mr. Vogelbaum I'm sorry. Mr. Vogelbaum Which is the opiate-based medication condition. This condition, we contend, is far too invasive on Mr. Smith's liberty- Mr. Smith Well, I take it that the simple question is, supposing he has an emergency, and he needs a prescription now, does he have to get permission before he gets it? Mr. Vogelbaum That is one problem with the way this condition is structured. Mr. Smith You suggested in your brief that it sounds like you would have said it would have been fine if it was, just to go to Judge Sack's question, upon filing, that he would notify them once he got the prescription, that he didn't need approval to get the prescription, but if it said, once you get a prescription, you have to tell probation, you would say the judge would have been perfectly justified, given his history of substance abuse and his medical conditions with pain, is that- Mr. Vogelbaum I agree with all of that, that's right. Mr. Smith It could have been right, but it was- Mr. Vogelbaum But it's plain error, right? Nobody asked the judge to do that, the judge says, no, forget that, right? Mr. Smith No, that's true, it is plain error review. Mr. Vogelbaum Yeah, so that's, I mean, also this problem with that is that, you know, what the probation office is going to do, even if it had that condition, is contact the doctor to make sure it's a legitimate prescription, right? Isn't that what the probation office is going to do, even under your proposed condition? Mr. Smith I don't, that hasn't been the practice in our district, I mean, I think- Mr. Vogelbaum How do they verify, if someone shows up with a prescription? Mr. Smith I mean, certainly, I suppose they can ask the probationary himself to, you know, show the pill bottle or bring the pill bottle in, and I'm aware, I think, that some probation officers may do pill counts, for example. I don't think that I've heard of probation normally acting as an intermediary with the doctor directly, and in fact, I think that that would be invasive. Ms. Laird You're client's in jail right now, right? Mr. Smith He is. Ms. Laird And when is he scheduled for release? Mr. Smith He, I don't know his release date, but he received a 98-month sentence, so he still has a substantial amount of sentence to serve. That's why I'm a little perplexed as to why this matter is before us. You can ask for modification of the conditions of supervised release at any time, so to that extent, why aren't you before the district court explaining what your concern is about the prescription requirement, and the judge will either grant you relief or make a record as to why the judge does not think that that's warranted. Ms. Laird And the same way with respect to the suspicionless searches, I don't think you have controlling precedent now, right? This issue is actually before panels of our court. Mr. Smith That's right. Ms. Laird Right, so how do you show plain error now by contrast to once those decisions come down, if they're favorable to you, you go to the district court and you ask for modification of the condition? Mr. Smith Well, I also think, Your Honor, depending on what the sequencing of those decisions is and obviously how they come out, I think it would still be plain error as to our case if it became plain error on appeal. Ms. Laird If it became plain error? Mr. Smith On appeal, if this court were to – Ms. Laird But it's not plain error as of today, right? Mr. Smith It's not plain error as of today. Ms. Laird So what do you want us to do, hold this as opposed to just say it's not plain error right now? And as I said, we would know, as you would know, that you can always ask for modification of the conditions before the district court. Mr. Smith Well, I think in the other case that we've argued on this matter, which is the James Tracy case, we actually have asked for that case to be held pending the first case in the series. Ms. Laird Right, but is it a plain error case? Mr. Smith Mr. Tracy is also a plain error case, yes. Mr. Smith I thought you were also arguing it's a plain error because the district court made no individualized assessment. So even if – and I'm on that panel, the first panel of that, so I'm on that panel. Even if, assuming you can impose a suspicionless search consistent with the Fourth Amendment, that I thought you were arguing here that the judge didn't say anything about why it would be justified for your client here. Is that right? Mr. Smith That is correct. I would argue here that the record actually cuts against imposing this kind of a condition. Mr. Smith Why? Mr. Smith Well, the defendant here had a period of at least five years of sobriety. He's had success on supervision before. There's nothing particularly sophisticated about this offense or the way the drugs in this offense were concealed or anything of that nature. It's a small amount of drugs, so this is not a sophisticated operator. And reasonable suspicion is a low – as this court has remarked, is a low barrier. So as to this defendant, I'm not sure that a suspicionless search condition would be appropriate. We'll hear from the government. Ms. Lee Ms. Lee, I hope they don't take this time away from you, but I think I see your name on more briefs than anyone other perhaps than the U.S. attorneys from the Southern and Eastern District of New York. I'm glad you're here personally. Ms. Lee Oh, thank you. It's just the way we run our appellate practice in the Western District of New York. Mr. Smith You're the whole appellate division? Ms. Lee Me and two others. So good morning. May it please the court. My name is Tiffany Lee, and I represent the United States. Before I begin, I actually wanted to apologize because in preparing for oral argument, I noticed in the brief that I had mistakenly listed Judge Sack as one of the judges on the Olivera's panel. And I don't know how that happened because I was at the Olivera's argument. And I thought I forgot another. And I have a distinct recollection of Judge Lynch asking a question regarding Samson v. California. So my apologies to the court. And it could be the number of briefs that I've been writing. In any event, Your Honors, it's the government's position that the sentence should be affirmed. But we do understand that where we are right now in the time frame, We believe this panel could resolve it on plain error. And that's what that was what we had articulated before the James Tracy panel. However, we know that as soon as all of theirs comes out, that that could change possibly the landscape. Independent of the constitutional question, why isn't it plain error? Even if you're allowed to impose a suspicionless condition, which I think you would concede is a pretty serious condition, severe condition, would you agree with that? I agree with it. And under the law, it has to involve no greater deprivation of liberty than is reasonably necessary as to each defendant. And a judge is supposed to make an individualized determination of that. That was not done here. In fact, I know from the Olivera's case that the judge indicated this was going to be presumptive in every drug case. This was going to be his practice unless somebody could convince him otherwise. So why is it a plain error to impose this without any individualized assessment as to whether Mr. Smith would need that type of severe condition? Just by virtue, you know, it can't be that you disagree just because it's a drug conviction. The government would take the position that consistent with the law, that no greater deprivation, that this condition would be appropriate in every single drug case. Well, our position is that it is constitutional. Okay, let's assume it's constitutional. Even if it's constitutional, is the government's position that this is appropriate in every single drug conviction? We would say that it's appropriate for where the record shows that for the particular individual that there's enough information there to show that. The record shows, and we have said I don't know how many times, there has to be an individualized assessment. And we'll give a careful scrutiny when it's a severe condition as this is. And the judge did indicate why. In fact, the judge indicated in Olivera's he's going to impose this in every case. So why should we send it back even if it is ultimately found to be a constitutional saying? You have to look at the defendant before you. They're saying he hasn't had any drug problems for years. There's some defendants who've never had any contraband in their home ever, and they're involved in some drug offense. There's all sorts of scenarios that might not make this no greater deprivation than is necessary to properly supervise someone, right? I will say, though, that the way the guidelines recommend, they provide for a suspicionless search may be appropriate in certain circumstances themselves. You need a finding of the circumstances, don't you? I agree that you'd require a finding of the circumstances. And whether here the record is robust enough to support a finding is, to the extent that it got sent back because this court believes individualized reasons were not provided. I guess I could see it. I think our argument is that this is not a record that's bereft of any information that would permit the imposition of a suspicionless search condition. Given... How should we consider the fact that on the issue of whether it's no greater deprivation than is necessary, how should we consider the fact that for a decade every district court and every probation office has been satisfied with the reasonable suspicion requirement that that was? Nobody, the government, I don't think, you can correct me if I'm wrong, neither the U.S. Attorney's Office nor the Probation Department has ever said to a court, we think it has to be suspicionless for us to do our jobs in this case. How should we consider that? You consider it in the context of this person being on supervised release, the circumscribed expectation of privacy the person has, and the fact that if the probation officer is doing this in execution of his or her duties, then the special needs, that is what's making it less of an intrusion into the privacy interest. But doesn't that go to the constitutional argument? Rather than now we get to the fact that a judge does not have to impose the warrantless search requirement in every case. Correct. Indeed, he's obliged to only impose the least serious conditions necessary to achieve adequate supervision. Correct. We don't know what Judge Arcaro was thinking with respect to this particular defendant. This defendant says, well, he was clean for X number of years or whatever, and that should have raised a question in the judge's mind. Maybe, maybe not. We don't know. It's true. Is it plain error for the judge not to have said anything to us? How do we review it if the judge doesn't tell us why he did it? But the requirement when a court is imposing special conditions of supervised release, and this came up in Eaglin, which was a pornography ban, like absolute pornography ban, the bare minimum, no, I shouldn't say the bare minimum. It is sufficient. I'm not going to say that. The sufficiency in terms of the record before the judge is what is before the judge. The judge is presumed to have considered everything in the, you know, pre-sentence report, considered the fact that, yes, he was clean for a little bit, but then he himself said it was because of my addiction that I got into meth. So for all these reasons, there is, you know, a reasonable relationship for this, for Mr. Smith to have this condition. But the judge didn't say any of those things. You're suggesting that nothing was said. It would have to be self-evident. That's where our law is. It would have to be self-evident for us not to send it back under plain error. And my suggestion to you is it's not self-evident if he's been clean and this is a very severe condition. As I pointed out, the probation office doesn't routinely need this to properly supervise. It hasn't for years. It seems to me that there's, you know, things that need to be weighed when you're imposing this type of severe condition. I would suggest to you that if, in fact, this continues to be the practice when imposing it in every drug-related case in front of the judge, that the prosecutors might, to avoid you having to come up here every time, suggest that if he's going to assume it's constitutional, if he's going to impose it, there better be some individualized assessment as to why this severe condition, similar to what we said in the child pornography cases when it's a severe condition, that you can't impose it just because of the nature of the conviction. You have to look at the pros, the balancing on each side. And we will, I will definitely return back to my office with the message to be considerate of that. And it's only one judge right now who's been imposed. I know, but the probation department may start making this recommendation to other judges out there, right? Is that possible? I believe they may have, but I don't believe it's happened. It's not in the record. Correct. It's out of the record. Thank you, Your Honor. Thank you, Ms. Lee. Mr. Baldwin, you have one minute. I will actually waive my rebuttal time unless there are further questions. I don't think so. Thank you both for coming in today. We'll reserve the session and have a good day.